Billy ALLEN et ux., Appellants,

v.

The RELIABLE LIFE INSURANCE COMPANY, Appellee.

No. 16662.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 24, 1965.

Rehearing Denied Oct. 29, 1965.

also have rendered judgment for them against The Reliable Life Insurance Company, hereinafter termed defendant, under the doctrine of *respondeat superior*. The jury found by its verdict that at the time and upon the occasion of the automobile collision resulting in the plaintiffs' damages Hammond was a servant of the said defendant and that his acts, committed to plaintiffs' injury, were those having to do with and originating in the work, business, trade or profession of the defendant. The trial court, on motion, disregarded these findings. Judgment was rendered in favor of the defendant *non obstante veredicto*.

We affirm. .

On the presentation made plaintiffs acknowledge the state of the law currently existent, i. e., generally that a life insurance salesman or agent is not such an agent that his negligence in driving his personal automobile to achieve the results contemplated by his contract would be imputed to his insurance company principal. American Nat. Ins. Co. v. Denke, 128 Tex. 229, 95 S.W.2d 370, 107 A.L.R. 409 (1936); Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 (1952).

However, plaintiffs seek to distinguish the circumstances of the instant case by pointing to evidence adduced upon trial which establishes, prima facie, the following: that Hammond was called an employee by the defendant institution and assigned an employee number; was paid a guaranteed salary and a car expense allowance; was in a trainee status under close supervision of a representative of the defendant, which representative testified that it was company policy for him, as supervisor, to exercise complete control over Hammond while he was a "trainee"; had his route on which he was to make calls set out for him by his supervisor, which route was not to be changed without permission from such supervisor; was told not only where to collect, but how to collect; had his employee's withholding tax and social security tax deducted from his salary by

McEntire & Murad and Rex McEntire, Fort Worth, for appellants.

Brown, Day & Crowley and M. Hendricks Brown, Fort Worth, for appellee.

MASSEY, Chief Justice.

In the trial court Billy Allen et ux., hereinafter referred to as plaintiffs, obtained a jury verdict upon which judgment against Billy Earl Hammond was rendered. There was no appeal taken therefrom and plaintiffs are in possession of a personal judgment against Hammond in the amount of $15,845.00. Plaintiffs' appeal is predicated upon the theory that the trial court should

the defendant; was instructed on how to collect, how to sell, how to keep customers happy, and how to fill out reports; obeyed instructions relative to whether to use his own automobile to transport another agent while learning how to conduct company business—or to ride with such other person in his automobile; and carried company-owned material with him at all times while working. There was further evidence to the effect that it was necessary for Hammond to have the use of an automobile in order to be employed by the defendant; and that the last place he had been immediately before the collision was a place where he had been instructed to go by his supervisor, after which—in obedience to instructions—he was enroute to the company office, without deviation as to route, when the collision occurred. Hammond was not free to attend to personal affairs for himself or his wife by use of his automobile during the hours he was to devote to company business. During the period of his trainee status the major portion of his duty was that of a collector for the defendant, and the defendant had the right to keep the supervisor with him eight hours a day, five days a week. There was a chain of command for purposes of the control of employees of the defendant company.

In support of their contention that a fact issue upon the matter of agency was raised for the jury, and that its answer favorable to them should not have been disregarded, plaintiffs cite Schroeder v. Rainboldt, 128 Tex. 269, 97 S.W.2d 679 (1936). In that case a salesman for the Dr. Pepper Bottling Company was the owner of his own truck, using it on his route for the primary purpose of selling said company's merchandise when the collision occurred giving rise to the suit. Despite evidence somewhat similar to that introduced in the instant case the ultimate holding was that a fact issue was raised upon the matter of agency, and, the holdings by the jury that agency did exist were declared to control the judgment. Our examination of the opinion of the Commission of Appeals reveals that one theory under which its holding was made was the essentiality that Dr. Pepper products be transported and delivered—by use of the truck—in the accomplishment of the objectives of the company. The products were of tangible character as distinguishable from intangible.

In Newspapers, Inc. v. Love, 380 S.W.2d 582, 597 (Tex.Sup., 1964), Judge Norvell discusses the acknowledged philosophic basis for vicarious liability under the doctrine of *respondeat superior* in the judicial determination of whether or not the employer has the right to control the details of the work of one asserted to be the agent or servant. In an examination of the decisions in American Nat. Ins. Co. v. Denke, supra, and Burt v. Lochausen, supra, it appears that the philosophy aforementioned has a bearing upon the application of the doctrine to the conduct of insurance business.

■ Insurance is a sort of intangible commodity, being a contract entered into by the insurer on the one hand and the insured on the other, for which the latter makes payment in the form of premiums. It is settled that an agent for an insurance company, in moving from place to place in order that he may negotiate as an agent for a principal, is making movements for which the insurance company may not be held liable. The theory is that the contract of the parties relates to the attainment of ultimate results, and not to physical details as to manner of performance of the movements so made, though they may be necessary if any ultimate results are to be obtained.

Of course the parties may so contract that the company would have the right to control such physical movements, but this is not ordinarily the case and was not in the present instance. Also, even in the absence of contract an assumption of an exercise of control may be so persistent and the acquiescence therein so pronounced as to raise an inference that at the time of the act or omission giving rise to liability, the parties by implied consent and acquiescence had agreed that the principal might have the

right to control such physical performance. See Newspapers, Inc. v. Love, supra, at page 592 of the Southwestern Reporter. Such an inference was not raised by evidence in the instant case.

 Nor, in our opinion, would the application of the rules of law generally applicable be avoided because Hammond was primarily a collector of insurance premiums rather than a salesman. We do not have for consideration a tort alleged to have been committed during the course of an act of Hammond in collecting premiums. He was on the public highway, having completed the last "collection" act, and he was not at any place where he proposed to engage in another. Applicable rules would be identical to those appertaining had Hammond been an agent for sales purposes only.

Plaintiffs further complain because the trial court granted a motion in limine which prevented them from showing the following: shortly after the collision Hammond was directed to call upon the liability insurance company which had written liability insurance for the defendant, and then, in obedience to the direction of the adjuster for such liability insurance carrier, took $500.00 and a release to the plaintiffs with the proposal that they accept it in settlement of their claim for damages. The release form, as written, showed that the defendant company as well as Hammond was intended to be released. Observing this fact the plaintiffs refused to settle their claim.

 There was no error in the granting of the motion in limine. The evidence plaintiffs desired to produce was inadmissible against either defendant below since it was an offer in compromise and settlement of a disputed claim. Furthermore, in the tender of such compromise the defendant company was not acting at all. The idea was an independent one of the adjuster for the liability insurance company which had a contract with the defendant.

The offer would be "hearsay" as to the defendant for Hammond was in that transaction representing defendant's liability insurer and not the defendant.

Judgment is affirmed.